Filed 8/28/23  P. v. Picasso CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO ORACIO PICASSO,<br><br>    Defendant and Appellant. | F085221<br><br>(Tulare Super. Ct.<br>No. VCF288122B)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench, Matthew A. Kearney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*] Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

Petitioner and defendant Ricardo Oracio Picasso (defendant) challenges the superior court's denial of his petition for resentencing under Penal Code section 1172.6.[1] We reject his contention and affirm.

## BACKGROUND

Defendant Ricardo Oracio Picasso was charged with the murder of Eric Reyes (count 1; § 187, subd. (a)), the attempted murder of Juan Arredondo (count 2; §§ 664, 187, subd. (a)), shooting at an inhabited dwelling (count 3; § 246), and possessing a firearm (count 4; § 12021, subd. (a)(1).)  The information alleged defendant had suffered a prior serious felony under section 667, subdivision (a).  The information alleged the same prior conviction also constituted a serious violent felony under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).

The information also alleged that, as to counts 1, 2, and 3, a principal had personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (d) & (e)(1)), and that defendant personally used (§ 12022.53, subd. (b)) and discharged (§ 12022.53, subd. (c)) a firearm.  As to counts 1 and 2, it was alleged defendant personally used a firearm under section 12022.5, subdivision (a).  The information also alleged each count was committed for the benefit of, at the direction of, or in association with a criminal street gang.  (§ 186.22, subd. (b).)  Finally, the information alleged defendant had suffered four prior convictions under section 667.5, subdivision (b), for which he served a prison term and did not remain free of prison custody for a period of five years before committing an offense resulting in a felony conviction.

A jury convicted defendant on counts 1, 3, and 4, and found several of the enhancements true.  The trial court found the prior conviction enhancements true.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On count 1, the court sentenced defendant to 50 years to life (§ 1170.12, subd. (c)(1)), plus 25 years to life (§ 12022.53, subds. (d) & (e)(1)), plus five years (§ 667, subd. (a)(1)), plus two one-year terms (§ 667.5, subd. (b)), for a total prison term on count 1 of 75 years to life, plus seven years. On count 3, the court sentenced defendant to 30 years to life (§ 186.22, subd. (b)(4)(b), plus 10 years (§ 12022.53, subds. (d) & (e), plus five years (§ 667, subd. (a)(1)), plus two one-year terms (§ 667.5, subd. (b)), for a total prison term on count 3 of 30 years to life, plus 17 years. On count 4, the court sentenced defendant to a doubled midterm of four years, plus five years (§ 667, subd. (a)(1)) plus one year (§ 667.5, subd. (b)), for a total prison term on count 4 of 10 years. All prison terms were to run consecutively. The remaining counts and special allegations – which would include two of the section 667.5 enhancements – were dismissed.

Defendant appealed and this court filed a nonpublished opinion reducing defendant's conviction on count 1 from first degree to second degree murder, striking the personal firearm use enhancements to counts 1 and 3, and staying defendant's sentence for firearm possession pursuant to section 654, and remanded for resentencing. (*People v. Picasso* (Oct. 27, 2017, F071094) [nonpub. opn.] (*Picasso I*).)

On remand, the court resentenced defendant. On count 1, the court sentenced defendant to 30 years to life, plus a consecutive term of 25 years to life for the firearm enhancement (§ 12022.53, subds. (d)–(e)(1)), plus a consecutive five years for the prior serious felony enhancement (§ 667, subd. (a)(1)), plus two years total for the prior prison term enhancements (§ 667.5). On count 3, the court imposed an aggravated term of seven years, plus a consecutive 25 years to life for the firearm enhancements (§ 12022.53, subds. (d)–(e)(1)), plus a consecutive five years for the prior serious felony enhancement (§ 667, subd. (a)(1).) On count 4, the court imposed an aggravated term of six years, plus a consecutive five years for prior serious felony enhancement (§ 667,

subd. (a)(1)), and two years total for the two prior prison term enhancements (§ 667.5, subd. (b).)

The court decreed the sentence on count 3 was to run consecutive to count 1. The sentence on count 4 was stayed pursuant to section 654.

Defendant again appealed, which we addressed in a nonpublished opinion. We held that Senate Bill No. 1393 (2017–2018 Reg. Sess. (Senate Bill 1393)) required a remand for resentencing "to allow the trial court to determine whether to strike the section 667, subdivision (a) enhancement." (*People v. Picasso* (Sept. 27, 2019, F077662), *4 [nonpub. opn.] (*Picasso II*).)[2] We expressed no opinion on how the court should exercise its discretion on remand. (*Ibid*.)

At resentencing after *Picasso II*, the trial court observed that defendant had committed a "heinous crime" and that he was "fortunate he's not standing here convicted of first degree murder." The court declined to strike the section 667, subdivision (a) enhancement.

Defendant appealed a third time. There, the Attorney General conceded that we were required to strike defendants' two section 667.5, subdivision (b) enhancements due to Senate Bill No. 136. (2019–2020 Reg. Sess. (Senate Bill 136).) In an opinion filed December 30, 2021, we ordered those enhancements stricken and affirmed the modified judgment. (*People v. Picasso* (Dec. 30, 2021, F082561) [nonpub. opn.] (*Picasso III*).)

On June 10, 2022, defendant filed a petition for resentencing, alleging he was convicted of murder, attempted murder or manslaughter but would not "presently" be convicted pursuant to changes made to sections 188 and 189, effective January 1, 2019. The superior court appointed counsel for defendant.

On September 20, 2022, an initial hearing was held. The court stated,

_____

[2] The Attorney General requested that we take judicial notice of the records from *Picasso I*, *Picasso II*, and *Picasso III*. Defendant filed no opposition to this request, and we grant it.

"[I]t appears from the law of the case and that is including the published opinion from the appellate court, that the legal matters involved here were direct principles of aiding and abetting and not the Natural and Probable Consequences Doctrine, and not the Felony Murder Rule, making defendant ineligible for resentencing."

After both sides declined to argue the matter at the hearing, the court denied the petition, stating, "The Court denies the petition for resentencing as indicated in that the law of the case is clear that the legal matters involved in this case involve direct aiding and abetting and not principles that would allow for a resentencing."

Defendant appeals the court's denial of his petition.

## FACTS[3]

Eric Reyes was shot and killed on October 30, 2011. Defendant was prosecuted as an aider and abettor to Reyes's murder. The prosecution's theory was that another man, Juvenal Navarro, actually fired the shots that killed Reyes.

## DISCUSSION

### I. Law

When certain conditions are met, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).)

### *Prima Facie Stage*

After a petition is filed, the superior court holds an initial hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).)

---

[3] Both parties rely on recitations of fact from our prior opinions in this action. We do the same and incorporate those facts by reference.

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

At this stage, the court may consider the record of conviction, including prior appellate opinions in the action. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–972.) While a court generally does not reject a petitioner's factual claims on credibility grounds at this stage, " ' "the court is justified in making a credibility determination adverse to the petitioner" ' " where the record contains facts refuting the allegations made in the petition. (*Id.* at p. 971.)

### Evidentiary Hearing Stage

If petitioner successfully makes a prima facie showing, the court issues an order to show cause and an evidentiary hearing is held to determine whether petitioner is entitled to relief. (§ 1172.6, subds. (c)–(d).)

## II.   Analysis

Here, the court denied defendant's petition at the initial hearing/prima facie stage. Defendant points to our decision in *People v. Flores* (2022) 76 Cal.App.5th 974, where we stated that only the procedural descriptions in an appellate opinion may be considered at the prima facie stage (and evidentiary stage), and not the opinion's factual summary. (*Id*. at p. 988.) He then contends that it is "not unreasonable to assume" the superior court here relied on our factual summary in *Picasso I* in denying the present petition. We disagree.

Relief under section 1172.6 is available only to defendants convicted under the natural and probable consequences doctrine or another theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6,

subd. (a).) Consequently, when the jury instructions or the jury's verdict reflect that defendant was not convicted under such a theory, the petition is to be denied as a matter of law. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [instructions]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864, 866–867 [verdict].)

Our opinion in *Picasso I* reflects that the jury in defendant's case was instructed on direct aiding and abetting and was not instructed on the natural and probable consequences doctrine with respect to the murder charge. (*Picasso I*, *supra*, at pp. *45–46.)[4] Direct aiding and abetting is not a theory by which malice is imputed, and the record does not indicate the jury was confused on that point. Because the *procedural* aspects of *Picasso I* (i.e., jury instructions) establish defendant's ineligibility as a matter of law, it is not "reasonable to assume" the trial court improperly relied on the factual descriptions of trial evidence in *Picasso I*. Instead, we presume the court's order was correct and indulge intendments in favor of the order, rather than against it. (See *People v. Harring* (2021) 69 Cal.App.5th 483, 495.)

## DISPOSITION

The order denying defendant's petition is affirmed.

---

[4] In its instruction on direct aiding and abetting, the court erroneously included the following sentence: " '[Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.]' " (*Picasso I*, *supra*, at p. *45.) However, no other specific circumstances were described in the other instructions. Consequently, it remains the case that the jury was not instructed on natural and probable consequences murder.

Additionally, the jury was instructed on conspiracy with respect to a nonmurder charge (shooting at an inhabited dwelling), which included the phrase "natural and probable consequences" and a definition thereof. (*Picasso I*, *supra*, at p. *48.) As we made clear in *Picasso I*, that instruction plainly did not apply to the murder charge as "nothing in the conspiracy instructions nor the bracketed sentence in CALCRIM No. 400, when read together, told the jury they could apply the conspiracy instruction's reference to natural and probable consequences outside the express contextual limitations contained therein." (*Picasso I*, at pp. *49–50, fn. omitted.)